IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ETHOSENERGY (GBR) LIMITED f/k/a WOOD GROUP GAS TURBINE SERVICES, LTD. | ) ) ) ) | No: 1:17-cv-02608-SO |
| | ) | Judge Solomon Oliver, Jr. |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PACS SWITCHGEAR, LLC, PACS INDUSTRIES, INC., an Ohio corporation, and PACS INDUSTRIES, INC., a New York corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff, EthosEnergy (GBR) Limited f/k/a Wood Group Gas Turbine Services, Ltd., by and through its attorneys, Tucker Arensberg, P.C., files the within Memorandum in Support of its Motion for Sanctions, stating as follows:

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, EthosEnergy (GBR) Limited f/k/a Wood Group Gas Turbine Services, Ltd. ("Ethos") brings this action against, <u>inter alia</u>, PACS Switchgear, LLC ("PACS"), asserting claims for breach of warranty arising out of the purchase of twelve (12) generator circuit breakers for installation at a power plant being constructed by Ethos in Ashkelon, Israel. The circuit breakers were originally sold to Ethos by two (2) now-defunct Defendants both known as PACS Industries, Inc. -- one of which is incorporated in Ohio and the other in New York. The claims against PACS are based upon a theory of successor liability, i.e. that it is the successor entity of the two PACS Industries entities.

On July 24, 2018, Ethos served a First Request for Production of Documents ("Document Requests") upon PACS, a copy of which is attached to its Motion as Exhibit "A." The Document Request sought, <u>inter alia</u>, documents relating to the formation of PACS and its relationship with the two (now-defunct) PACS Industries entities. <u>See</u> Document Requests, Exhibit "A." Pursuant to Federal Rule of Civil Procedure 34, responses by PACS to the Document Requests were due to be served on counsel for Ethos on or by August 23, 2018.

Despite numerous attempts by counsel for Ethos to accommodate counsel for PACS (as more fully described in Plaintiff's Motion to Compel Discovery [ECF Document No. 19]), including the granting of several extensions of time to provide responses, no responses or documents were ever served by PACS. Accordingly, on October 10, 2018, Ethos filed a Motion to Compel Discovery seeking an order compelling the production of written responses to the Document Requests and responsive documents. <u>See</u> Plaintiff's Motion to Compel Discovery, ECF Document No. 19. PACS did <u>not</u> respond to the motion in any way and this Court issued an order on November 28, 2018, compelling PACS to serve written responses and responsive documents within fourteen (14) days of the Order, i.e. on or by December 12, 2018. <u>See</u> Order, ECF Document No. 20.<sup>1</sup>

PACS has <u>not</u> complied with the Order. It has <u>not</u> served any written responses to the Document Requests and has <u>not</u> produced a single responsive document. On December 14, 2018, counsel for Wood Group had a "meet and confer" telephone call with counsel for PACS inquiring as to why no responses or documents had been served in response to the Order compelling discovery. Counsel for PACS indicated that, although he anticipated serving some

---

<sup>1</sup> Moreover, PACS has taken virtually no other active steps to defend the action. It has not served any document requests, interrogatories, or sought to depose anyone related to Ethos.

written responses at an unknown date in the future, he would <u>not</u> be serving any responsive documents.  As of the date of the filing of this Motion, no responses or responsive documents have been received from counsel for PACS.

Ethos has been utterly stymied in its ability to prosecute this action by what appears to be PACS' willing and deliberate violation of this Court's discovery order.  Accordingly, sanctions are appropriate at this time given PACS' flaunting of this Court's authority by failing to comply with its Order.

**B.      ARGUMENT**

**FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A) PERMITS THIS COURT TO ENTER A DEFAULT JUDGMENT AGAINST PACS FOR ITS DELIBERATE FAILURE TO COMPLY WITH A DISCOVERY ORDER**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions in connection with a party's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).  Under Rule 37(b)(2)(A), the Court may order the following sanctions for a party's failure to comply with an order compelling discovery:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

See Fed.R.Civ.P. 37(b)(2).

Among the remedies afforded a district judge under Rule 37(b)(2) for a parties failure to comply with a discovery order is the entry of a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(vi); see also In re Leonard, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); Grange Mut. Cas. Co. v. Mack, 270 F. App'x 372, 376 (6th Cir. 2008)("A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment"). District courts have discretionary authority to enter default judgment when one party fails to comply with a discovery order. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Simply put, 'if a party has the ability to comply with a discovery order and does not, dismissal,' [or] entry of default, 'is not an abuse of discretion.'"); Dell, Inc. v. Advicon Computer Servs., Inc., 2007 U.S. Dist. LEXIS 50371 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to...enter default judgment...based on a party's failure to obey court orders in general...when the circumstances warrant as much."). Moreover, the Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and...maintain[ ] the authority and dignity of the court....'" Bowles v. City of Cleveland, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting Cooke v. United States, 267 U.S. 517 (1925) (alternations in the original)).

The United States Court of Appeals for the Sixth Circuit has outlined four factors to consider in deciding whether to issue the harsh sanction of default:

> "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

4

>drastic sanctions were imposed or considered before dismissal was ordered."

Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted)). "'Although typically none of the factors is outcome dispositive,...a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008). Here, all of the factors set forth by the Sixth Circuit are present and this Court should enter a default judgment against PACS

First, it is obvious from the record that PACS has willfully violated this Court's Order and has acted in bad faith. At no time did PACS (1) object in any way to the Document Requests, (2) oppose Ethos' Motion to Compel Discovery, or (3) apply to this Court for any sort of relief from its Order of November 28, 2018. Moreover, as set forth in Ethos' Motion to Compel Discovery, counsel for PACs assured counsel for Ethos that discovery responses would be forthcoming and that he only needed a few more weeks to get them served. See Motion to Compel Discovery, ECF Document No. 19, ¶5.[2] PACS is represented by experienced counsel who could have taken any number of steps along the way to its obligation to respond to the Document Requests. It has rather chosen to do absolutely nothing -- including deliberately disobeying a court order which it did not contest. This is unquestionably bad faith conduct on the part of PACS designed to delay Ethos' claims and discourage it from proceeding further.

Second, Ethos is undoubtedly prejudiced by PACS' defiant conduct. Because of the very nature of the claims against PACS -- successor liability -- a significant amount of the evidence

---

[2] Counsel for PACS did not dispute this characterization of the conversations between him and counsel for Ethos.

needed to prove Plaintiff's claims is within PACS own custody or control. Absent PACS compliance with the discovery rules, and this Court's orders, Ethos will be unable to move forward with its claims.

Third, while the Court did not give a specific warning to PACS in its November 28, 2019 Order that its failure to provide discovery responses could result in a default judgment, as set forth above, PACS is represented by an experienced federal court practitioner to whom the sanctions of Rule 37 should be well-familiar. Given this fact, this factor should be given little weight by the Court.

Lastly, Ethos is requesting that this Court issue the very serious sanction of a default judgment against PACS. It makes this request because there is nothing in the record to suggest that a lesser sanction would do anything to compel PACS to comply with the Rules of Civil Procedure or this Court's November 28, 2018 Order. Indeed, the only substantive act PACS has done in this litigation is to file a bare-bones Answer to the Complaint. It is obvious that it intends to do little else.

PACS' dilatory conduct merits the entry of a default judgment against it pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi). Ethos accordingly seeks and order from this Court entering a default judgment against PACS in the amount of $930,080.71 for its deliberate failure to comply with this Court's Order compelling discovery. See Complaint, ¶54 (setting forth liquidated amount of damages suffered by Ethos).

### III. CONCLUSION

Accordingly, based upon the foregoing, Plaintiff, EthosEnergy (GBR) Limited f/k/a Wood Group Gas Turbine Services, Ltd., respectfully requests that this Honorable Court grant the within Motion for Sanctions, and enter a default judgment against Defendant, PACS Switchgear, LLC, in the amount of $930,080.71 pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi) for its failure to comply with this Court's Order of November 28, 2018. In the alternative, Plaintiff requests that this Court issue a sanction consistent with the provisions of Fed. R. Civ. P. 37(b)(2)(A).

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By:   s/Jeremy V. Farrell
Jeremy V. Farrell, Esquire
Ohio I.D. No. 0087790
*jfarrell@tuckerlaw.com*

Christopher W. Cahillane, Esquire
Pa. I.D. No. 75977
*ccahillane@tuckerlaw.com*
*(Admitted Pro Hac Vice)*

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Counsel for Plaintiff

TADMS:5073223-1 032556-181153

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of Plaintiff's Memorandum in Support of Motion to Compel Discovery, has been served on this 18th day of December, 2018, on the following persons and counsel in the manner set forth below:

<u>Via First Class Mail</u>

PACS Industries, Inc. (an Ohio corporation)
David M. Neumann, Registered Agent
Two by Foresight LLC
2769 Commercial Road (E. 9th Ext.)
Cleveland OH 44113
*Registered Agent for Defendant PACS Industries, Inc. (an Ohio Corporation)*

<u>Via Email and First Class Mail</u>

Nathaniel R. Sinn, Esq.
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
nsinn@bdblaw.com
*Attorney for Receiver Zak Burtons*

                                         s/Jeremy V. Farrell